Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-290-7778 fax

Attorneys for Plaintiff
Luebutar Garcia

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Luebutar Garcia<br><br>Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>Defendant. | CASE NO. 5:22-cv-00379<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Fair Debt Collection Practices Act<br>3. Intrusion Upon Seclusion<br>4. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Luebutar Garcia (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts,

1

violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits abusive collection practices, and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq*. (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant" or "PRA") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress

intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

7. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

8. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

9. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## JURISDICTION & VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

11. This venue is proper pursuant to 28 U.S.C. §1391(b).

12. Plaintiff is a resident of the State of California and resides within the judicial district where this action is being brought.

13. Defendant PRA is a debt collector engaged in debt collection activity throughout the United States, including the State of California.

## GENERAL ALLEGATIONS

14. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g) and "consumer" as defined by 15 U.S.C. § 1692a(3).

15. At all relevant times herein, PRA was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f) and "debt" as defined by 15 U.S.C. § 1692a(5).

16. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c) and as defined by 15 U.S.C. § 1692a(6).

17. Plaintiff believes that PRA was collecting on an account that did not originate with PRA but with another consumer credit account Plaintiff had previously incurred.

18. The account at issue was extended primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

19. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act and as defined by 15 U.S.C. § 1692a(5).

20. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

21. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves and other creditors, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

22. Plaintiff believes the account was an unsecured consumer account that Plaintiff incurred prior to the account being sold or transferred to PRA for collection.

23. Defendant, at some point, assumed control of the debt and began contacting Plaintiff in 2021 to attempt to collect on the collection account.

24. Plaintiff believes that PRA is the collection agency for an account that he previously held with another creditor.

25. Plaintiff retained counsel to assist in dealing with the PRA debt and collection efforts as well as to seek some type of financial relief.

26. Counsel for Plaintiff sent a letter of representation to PRA, through email, on July 13, 2021, informing PRA that Plaintiff was represented by counsel and to direct all further account questions/inquiries/correspondence to Plaintiff's counsel's office.

27. PRA received the letter of representation on July 13, 2021 and confirmed via email that the letter of representation was received.

28. Defendant continued to contact Plaintiff after the July 13, 2021 letter of representation was received.

29. A second notice was emailed to PRA on February 2, 2022, again informing PRA that Plaintiff was represented by counsel and that PRA was not to contact Plaintiff directly.

30. PRA received the second notice on February 2, 2022.

31. PRA continued to contact Plaintiff regarding the collection account.

32. In addition, PRA engaged the services of a collection law firm, who continued to contact Plaintiff directly and in disregard of Plaintiff's prior notices of attorney representation.

33. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

34. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

35. Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

36. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

37. Plaintiff received at least eighty-five (85) pre-recorded voice messages as well as numerous other auto-dialed collection calls.

38. Most of the messages left by Defendant when Plaintiff did not answer the collection calls were pre-recorded.

39. Defendant's calls and demand letters were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that he revoked her consent to be contacted on her cellular telephone.

40. Plaintiff is unaware of the total number of calls that have been received from Defendants but believes the total number to be in excess of eighty-fvie (85) calls.

41. Defendant also mailed payment demands to Plaintiff after it was aware that Plaintiff was represented by counsel.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against PRA)

42. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

43. Plaintiff provided written notice that she was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

44. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

45. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

46. Plaintiff received calls and payment demands from PRA after the July 13, 2021 letter of representation was received by PRA.

47. The collection calls continued did not stop once PRA learned that Plaintiff was represented by an attorney.

48. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**Cal. Civ. Code § 3294**

49. Defendant also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at hearing.

50. Defendant had actual knowledge that it continued to violate both state and federal collection laws as it received notice regarding representation of Plaintiff by an attorney.

51. Defendant confirmed receipt of Plaintiff's notice of attorney representation.

52. These calls were made with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

53. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under the Rosenthal Fair Debt Collection Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

54. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendants' illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least eighty-five (85) telephone calls.

55. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendants.

## SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against PRA)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

57. Defendant placed over eighty-five (85) calls to Plaintiff.

58. Plaintiff was contacted multiple times per day by Defendant.

59. Defendant's calls were harassing and made with the intent to annoy Plaintiff into making a payment on the account.

60. Defendants violated Cal. Civ. Code §1788.11(d), and (e) by calling Plaintiff at least eighty-five (85) times in a deliberate attempt to call and annoy Plaintiff.

## THIRD CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against PRA)

61. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

62. Defendant was informed on July 13, 2021 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

63. Defendant continued to contact Plaintiff for several months after being informed that she had retained an attorney.

64. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

65. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

66. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

## FOURTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant PRA)

67. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

68. Defendant placed over 85 calls to Plaintiff.

69. Plaintiff was contacted multiple times per day by Defendant.

70. PRA knew that Plaintiff was represented by an attorney as it received a certified notice stating as much.

71. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after PRA knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

## FIFTH CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant PRA)

72. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

73. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

74. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

75. PRA intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

76. PRA intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

77. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

78. These intrusions and invasions against Plaintiff by PRA occurred in a way that would be highly offensive to a reasonable person in that position.

79. PRA received notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

80. PRA ignored the notice from Plaintiff's counsel and instead continued to repeatedly contact him and annoy/harass him regarding the non-payment of her account.

81. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from PRA.

### SIXTH CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against PRA)

82. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

83. Since at least about July of 2021 Defendant has been calling Plaintiff's cellular telephone requesting that payment be made on an account apparently being serviced by PRA.

84. Defendant was aware that Plaintiff revoked consent to be contacted by an ATDS in July of 2021.

85. Defendant received a total of two notices from Plaintiff.

86. Defendant frequently called Plaintiff after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

87. Defendant would contact Plaintiff daily regarding payment on the account.

88. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

89. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

90. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

91. Plaintiff expressly revoked any consent that may have previously been given to Defendants to be contacted by an automatic dialing machine in July of 2021.

92. Plaintiff believes that over eighty-five (85) calls were placed by Defendants using an ATDS.

93. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32;

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32;

c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c);

d. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;

e. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

f. An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

g. An award of exemplary damages pursuant to Cal. Civ. Code § 3294; and

h. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k).

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: March 2, 2022       By: */s/ Joe Angelo*
Joe Angelo
Elliot Gale
Attorneys for Plaintiff